UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| EUGENE TOLSTON, | * | |
|     Plaintiff | * | |
| | * | 3:09CV677TSL-JCS |
| vs. | * | CASE NO. 251-09-868-CIV |
| | * | |
| | * | |
| FLYING J INC., | * | |
|     Defendant | * | |

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Flying J Inc. ("Flying J"), and respectfully submits the following Answer to the Complaint of Eugene Tolston as follows:

### First Defense

Flying J has filed a petition under Chapter 11 of the United States Bankruptcy Code, and thus the claims asserted in the captioned lawsuit are subject to that Bankruptcy Petition. A copy of the Bankruptcy Petition is attached hereto as Exhibit "A." Although Plaintiff's claims are subject to Chapter 11 and the Bankruptcy Court would administer any payments, Flying J is not relying on the automatic stay so the captioned litigation may proceed.

### Second Defense

Flying J denies it is liable to Plaintiff and further denies that Plaintiff has sustained any damages. In the alternative, Plaintiff has failed to mitigate his alleged damages as required by law.

{N2060965.1}                                                                 1

### Third Defense

In the further alternative, Flying J denies it is liable to Plaintiff for punitive damages; Flying J made a good faith effort to prevent discrimination in the work place and to comply with the law.

### Fourth Defense

Plaintiff's claim for damages is subject to all applicable limitations and caps on the recovery of such damages.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission.

### Sixth Defense

To the extent Flying J discovers, during the course of this action, that Plaintiff engaged in any conduct that would warrant discharge under company policy, aside from the policy violation for which he was terminated, Plaintiff's right to recover damages beyond the date of such discovery would be cut off.

### Seventh Defense

Notwithstanding Flying J's general denials and previous affirmative defenses, and without admitting Plaintiff's averments, to the extent Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, which is denied, then in the alternative Flying J affirmatively states that it would have taken the same action in the absence of such impermissible motivating factor.

**Eighth Defense**

AND NOW furthering answering, Flying J responds as follows to the individually numbered paragraphs of the Complaint:

Flying J denies the allegations contained in the introductory paragraph of the Complaint.

1. Flying J admits the allegations contained in Paragraph 1 of the Complaint.

2. Flying J admits the allegations contained in Paragraph 2 of the Complaint.

3. Flying J admits the Court has subject matter jurisdiction under the federal statutes asserted, but Flying J denies that it violated them.

4. Flying J admits that this Court has personal and subject matter jurisdiction and that venue is proper in this Court, but denies it is liable to Plaintiff.

5. Flying J admits Plaintiff filed a timely charge of discrimination with the EEOC, the EEOC issued a determination, and the EEOC issued a Notice of Right to Sue, all of which speak for themselves and on the best evidence of their own content. Flying J also admits Plaintiff filed this lawsuit within 90 days of receipt of his Notice of Right to Sue.

6. Flying J admits the allegations contained in Paragraph 6 of the Complaint.

7. Flying J denies the allegations contained in Paragraph 7 of the Complaint as written. However, Flying J avers that when it was investigating Michelle Rogers' EEOC Charge in December of 2008, Plaintiff stated, for the first time, that Ms. Rogers had reported to him in May of 2008 that she believed Restaurant Manager Robin Rivard had discriminated against her because she is African-American by refusing to change her work schedule as requested. Plaintiff did not timely report Ms. Rogers' complaint as required by company policy.

8. Flying J denies the allegations contained in Paragraph 8 of the Complaint.

9. Flying J denies the allegations contained in Paragraph 9 of the Complaint.

10. Flying J denies that Plaintiff's co-worker filed a complaint of discrimination, but admits that a server working for Flying J filed a charge of discrimination with the Equal Employment Opportunity Commission. Flying J avers that a manager asked whether Plaintiff had any knowledge of the facts surrounding the server's allegations. Flying denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Flying J admits that Plaintiff was asked what, if anything, he knew about the charging party's allegations. Flying J denies the remaining allegations contained in Paragraph 11 of the Complaint, specifically denying that Flying J retaliated against Plaintiff.

12. Flying J admits Plaintiff was terminated on January 9, 2009, and avers that he was terminated because he never brought the charging party's report of discrimination to the attention of the Human Resources Department as required by Flying J policy. Flying J denies that Plaintiff was terminated because he had given a written statement.

13. Flying J denies the allegations contained in Paragraph 13 of the Complaint.

14. Flying J repeats and realleges all of its answers and defenses to Paragraphs 1 through 13 as if copied herein.

15. Flying J denies the allegations contained in Paragraph 15 of the Complaint.

16. Flying J denies the allegations contained in Paragraph 16 of the Complaint.

17. Flying J denies the allegations contained in Paragraph 17 of the Complaint.

18. Flying J repeats and realleges all of its answers and defenses to Paragraphs 1 through 17 as if copied herein.

19. Flying J denies the allegations contained in Paragraph 19 of the Complaint.

20. Flying J repeats and realleges all of its answers and defenses to Paragraphs 1 through 19 as if copied herein.

21. Flying J denies the allegations contained in Paragraph 21 of the Complaint.

22. Flying J denies the allegations contained in Paragraph 22 of the Complaint.

23. Flying J repeats and realleges all of its answers and defenses to Paragraphs 1 through 22 as if copied herein.

24. Flying J denies the allegations contained in Paragraph 24 of the Complaint.

**FURTHER**, Flying J is not called upon to affirm or deny the request for relief contained in Plaintiff's Complaint, but affirmatively states that there are no grounds in law or fact that warrant the granting of Plaintiff's request for relief and that the request is neither appropriate nor justified.

**WHEREFORE**, Defendant, Flying J Inc., prays that, this, its Answer to the Complaint of Eugene Tolston, be deemed good and sufficient, and after due proceedings, there be judgment in its favor, and against Plaintiff, thereby dismissing Plaintiff's Complaint with prejudice, at Plaintiff's costs, and for such other and further relief as justice and law may require.

Respectfully submitted,

_____
J. KEVIN WATSON (MB #6991)
Watson & Jones
2829 Lakeland Dr., Suite 1502
Flowood, MS 39232
Phone: (601) 939-8900
Fax:    (601) 932-4400
kwatson@wjpalaw.com

AND

*ROBERT B. WORLEY, JR. (LA #17212)
*Jones, Walker, Waechter, Poitevent,*
   *Carrère & Denègre, L.L.P.*
201 St. Charles Avenue – 50th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8000
Facsimile:   (504) 582-8015
rworley@joneswalker.com

*COUNSEL FOR DEFENDANT FLYING J INC.*

*Defense counsel Worley has filed motions to appear as counsel *pro hac vice*.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via U.S. mail, ECF, e-mail, hand delivery, or facsimile this ___ day of November, 2009.

Louis H. Watson, Jr.
Nick Norris
of Counsel
628 North State Street
Jackson, Mississippi 39202
Telephone:  (601) 968-0000

_____

{N2060965.1}                                6